**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
──────────────────────────────────────

**RICHARD DAVIMOS, JR. and LAURENCE ZALK,**

                Plaintiffs,        **03 Civ. 9199 (JGK)**

        - against –             **MEMORANDUM OPINION
                                         AND ORDER**

**JOHN R. HALLE, CNB SPORTS AND
ENTERTAINMENT, FILM REALTY FUNDING CO.,
LLC, CNB CAPITAL, INC., GREGORY RICCA,
JAGUAR INVESTMENTS and JOHN DOES 1-10,**

                Defendants.
──────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

The plaintiffs, Richard Davimos, Jr. and Laurence Zalk, brought this action, claiming that they were persuaded to invest money for the purchase and development of certain land in Canada and that their money was instead stolen by the defendants.[1]

The plaintiffs have moved pursuant to Fed. R. Civ. P. 56(a) for partial summary judgment against one of the defendants, John Halle, on four claims: (1) fraud, alleging

---

[1] As noted by counsel for defendant Halle at oral argument, the allegations in the plaintiffs' complaint differ from those made on this motion for summary judgment. (See Trans. of March 9, 2006 Hearing, at 14-15.) The complaint states that defendant Halle induced Davimos and Zalk to invest money in CNB Capital, Inc. to be used to secure rights to and develop certain land in Canada, and that Halle and other defendants then siphoned their investments from the account of CNB Capital, Inc. (Comp. ¶¶ 15-28.) This motion for summary judgment is based on allegations that Halle persuaded the plaintiffs to invest $100,000 each in Film Realty, LLC, which would then use the funds to purchase 100% of the stock of a Canadian company, Societe Immobiliere Parctech, Inc., but that Halle instead used their investments to purchase 90% of the shares of Parctech for CNB Capital, Inc., a corporation 100% owned by Halle. (Pls.' Local Civil Rule 56.1 Stmt. ¶¶ 1-14.)

that they were induced by misrepresentations to invest $100,000 each, which was then stolen and never accounted for; (2) breach of fiduciary duty by Halle; (3) conversion of their investments; and (4) rescission, alleging that they are entitled to the return of their money because of fraud and failure to perform by the defendant.[2] For their fraud, conversion and rescission claims the plaintiffs rely on New York law. The plaintiffs rely on Delaware law for their breach of fiduciary duty claim. The defendant has not challenged the plaintiffs' choice of law.

**I.**

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v.

---

[2] The plaintiffs also bring claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d); breach of contract; breach of covenants of good faith and fair dealing; accounting; common law conspiracy; unjust enrichment; constructive trust; and punitive damages. (Compl. ¶¶ 32-49, 57-61, 65-66, 67-68, 69-71, 72-74, 75-76, 77-79.) However, these claims--I, V, VII, VIII, IX, X, XI and XII in the Complaint--are not included in this motion for summary judgment. This motion for summary judgment is brought only against the defendant John Halle. (Pls.' Notice of Mot. at 1.)

Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment is appropriate if it appears that the non-moving party cannot prove an element that is essential to the non-moving party's case and on which it will bear the burden of proof at trial. See Cleveland v. Policy Mgt. Sys. Corp., 526 U.S. 795, 805-06 (1999); Celotex, 477 U.S. at 322; Powell v. Nat. Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw

all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Gallo, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. T.R.M. Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its initial burden of showing a lack of a material issue of fact, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998); Singh v. New York City Off-Track Betting Corp., No. 03 Civ. 5238, 2005 WL 1354038, at *1 (S.D.N.Y. June 8, 2005).

**II.**

The following facts are undisputed unless otherwise noted.[3] On or about July 7, 2000, CNB Capital, Inc. ("CNB Capital") contracted with Fitzpatrick Construction Canada Ltd. ("Fitzpatrick Construction") to purchase 90% of the common shares of Societe Immobiliere Parctech, Inc. ("Parctech"). (Pls.' Local Civil Rule 56.1 Stmt. ("Pls.' Stmt."), ¶ 7.; Purchase Agreement dated July 7, 2000 ("Purchase Agreement"), attached as Ex. 6 to Pls.' Stmt.; Def.'s Aff. in Support of His Objection to Mot. for Summ. J. ("Def.'s Aff."), at 1.) John Halle was the 100% owner of CNB Capital. (Pls.' Stmt. ¶ 4; Def.'s Dep. of December 16, 2004 ("Def.'s Dep.") at 87.) CNB Capital was the 100% owner of CNB Sports & Entertainment, LLC ("CNBSE"), and John Halle described CNBSE as the manager of Film Realty, LLC ("Film Realty"). (Pls.' Stmt. ¶¶ 5-6, Def.'s Dep. at 87.)

John Halle had a law firm prepare a private placement memorandum ("PPM") for Film Realty and circulated copies of

---

[3] The plaintiffs filed a statement of undisputed facts as required by Local Rule 56.1. The defendant responded to the plaintiff's motion for partial summary judgment by filing a statement which does not contain undisputed facts, but is instead a collection of "material facts as to which he contends there is a genuine issue to be tried" (Def.'s Stmt. of Material Facts in Issue) and an affidavit in support of his objection to plaintiffs' motion for summary judgment. (Def.'s Aff. in Support of His Objection to Mot. for Summ. J.) The plaintiffs filed a response. (Pls.' Reply to Def.'s Stmt. of Material Facts in Issue.) Facts set forth in the plaintiffs' Rule 56.1 statement and undisputed by the defendant are deemed admitted so long as they are supported by the record. See Local Civ. Rule 56.1(c); Gianullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003); Yurman Design, Inc. v. Golden Treasure Imports, Inc., 275 F.Supp.2d 506, 509 (S.D.N.Y. 2003).

5

the PPM to potential investors. (Pls.' Stmt ¶ 11; Confidential Private Placement Memorandum, dated June 30, 2000 ("PPM"), attached as Ex. 5 to Pls.' Stmt.; Def.'s Aff. at 2.) The PPM, dated June 30, 2000, described Film Realty as an existing limited liability company created for the purpose of purchasing 100% of the shares of Parctech, a Canadian land holding company. (Pls.' Stmt. ¶¶ 12-13; PPM, attached as Ex. 5 to Pls.' Stmt.)

The plaintiffs each invested $100,000 for a membership interest in Film Realty by wiring their money to CNB Capital's bank account. (Pls.' Stmt. ¶¶ 1-3; Register, dated Mar. 24, 2003 ("Register"), attached as Ex. 4 to Pls.' Stmt.; Def.'s Dep. at 74-87.) Davimos invested $100,000 on July 24, 2000, and Zalk invested $100,000 on July 25, 2000.[4] Their investments were shortly thereafter wired to Fitzpatrick, for the purpose of purchasing shares of Parctech. (Pls.' Stmt. ¶ 8; Purchase Agreement, attached as Ex. 6 to Pls.' Stmt.; Letter dated July 19, 2000 Amending Purchase Agreement ("Letter"), attached as Ex. 4 to Pls.' Stmt.; Register,

---

[4] Affidavits of plaintiffs Davimos and Zalk submitted in support of this motion for summary judgment both provide the date of investment as on or about July, 2004. (Aff. of Richard Davimos, Jr., sworn to on June 24, 2005; Aff. of Laurence Zalk, sworn to on June 24, 2005.) However, the correct dates of both plaintiffs' investments as clarified and undisputed at oral argument were in July of 2000. (see Trans. of March 9, 2006, at 4-7.)

6

attached as Ex. 4 to Pls.' Stmt.; Def.'s Dep. at 62, 79; Def.'s Aff. at 2.)

Film Realty's date of incorporation was on or about August 3, 2000. (Pls.' Stmt. ¶ 15; State of Delaware Limited Liability Company Certificate of Formation dated Aug. 3, 2000 ("Certificate of Formation"), attached as Ex. 4 to Pls.' Stmt.; Def.'s Dep. at 126.)

There is disagreement about the circumstances under which the plaintiffs chose to invest in Film Realty. The plaintiffs claim that in making their investments, they relied on the defendant Halle's representations, including the statement conveyed in the PPM that Film Realty was an existing company that planned to purchase 100% of Parctech. (Pls.' Stmt. ¶ 14; Aff. of Richard Davimos, Jr., sworn to on June 24, 2005; Aff. of Laurence Zalk, sworn to on June 24, 2005.)

The defendant disputes the allegation that he solicited investments from Davimos and Zalk. (Def.'s Stmt. of Material Facts in Issue, ("Def.'s Stmt."), ¶ 4; Def.'s Aff. at 2.) Halle states that Davimos first brought the Film Realty project idea to Halle's attention and that both agreed that Halle would document and manage it while Davimos would solicit investors, subsequently soliciting the investment of Zalk. (Def.'s Stmt. ¶¶ 2-3; Def.'s Aff. at 1.)

7

The parties differ about whether the sale of the shares of Parctech were to be made to Film Realty or to CNB Capital (Pls.' Stmt. ¶ 13; Def.'s Dep. at 126; Def.'s Stmt. ¶¶ 6-9; Def.'s Aff. at 1-2), and about whether the shares were ever transferred to Film Realty if sold to CNB Capital. (Pls.' Stmt. ¶ 10; Def.'s Dep. at 52-55.) At oral argument the defendant disputed whether any Parctech shares were ever received by any entity in exchange for the money wired to Fitzpatrick from the CNB Capital bank account. (See Trans. of March 9, 2006 Hearing, at 12).

## III.

In their fraud claim, the plaintiffs allege that the defendants Halle and Ricca committed a fraud by inducing them to invest $100,000 each in CNB Capital, Inc., stealing the money, and then refusing to account for it. (Comp. ¶¶ 50-51.) They move for summary judgment against the defendant Halle. "The elements of common law fraud are a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." Katara v. D.E. Jones Commodities, Inc., 835 F.2d 966, 970-71 (2d Cir. 1987); see Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001); May Dept. Stores Co. v. Int'l Leasing Corp., 1 F.3d 138, 141 (2d Cir. 1993). Under

8

New York law, common law fraud must be proved by clear and convincing evidence. Banque Arabe et Internationale d'Investissement v. Md. Nat'l Bank, 57 F.3d 146, 153 (2d Cir. 1995).

On this motion for summary judgment, the plaintiffs argue that Halle falsely represented the material fact of Film Realty's existence at the time of their investments as well as the fact that Film Realty would purchase 100% of the shares of Parctech. The plaintiffs claim that Halle was aware of the falsity of these representations at the time they were made and intended that the plaintiffs rely on them. The plaintiffs further argue that their reliance on the misrepresentations was justifiable, and that they suffered damages when their investments of $100,000 each were taken and used by Halle to purchase Parctech shares for CNB Capital, his own corporation.

There are numerous issues of material fact that preclude the grant of summary judgment. It is unclear what alleged misrepresentations were made by the defendant Halle and when they were made. The complaint in this action alleged that the defendants fraudulently induced an investment in CNB Capital, Inc., but the allegations in the summary judgment papers appear to related to an alleged misrepresentation as to whether Film Realty was in existence at the time of the

investments by the plaintiffs. There are disputes as to whether the defendant Halle made such a representation, whether he knew such a representation was false, and whether the plaintiffs relied on it. There was a representation as to the existence of Film Realty in the PPM, but the defendant Halle alleges that the PPM was prepared by lawyers recommended by the plaintiff Davimos and that the lawyers were responsible for filing the necessary documents. The defendant Halle contends that he assumed, based on the same documents the plaintiffs allegedly relied on, that Film Realty in fact existed. (Def.'s Aff. at 1.)

Moreover, the documents reflect that the plaintiffs knowingly deposited their investments in CNB Capital and not Film Realty. Furthermore, there are at least issues of fact as to whether or not the defendant Halle intentionally defrauded the plaintiffs. While the plaintiffs allege that Halle stole their money, Halle contends that the funds were received by CNB Capital and were then transferred to Fitzpatrick to purchase shares in Parctech for Film Realty. There is no question that the transaction was woefully documented, but the defendant Halle alleges that the plaintiffs' funds were in fact received by CNB Capital for the Film Realty project and were transferred to Fitzpatrick for the Film Realty project. The documents submitted do not

suggest that Halle stole the funds as alleged in the complaint. There are material issues of fact as to how the funds were used and where interests in Film Realty and the stock in Parctech now reside.

There are thus genuine issues of material fact with respect to elements of the claim for fraud that preclude summary judgment on Claim II.

**IV.**

In their breach of fiduciary duty claim, the plaintiffs allege that the defendant Halle fostered a special relationship with the plaintiffs, gaining their trust and confidence, and subsequently breached his fiduciary duty to them by misappropriating their investments. (Comp. ¶¶ 52-54.) They move for summary judgment against Halle. The plaintiffs allege that because Film Realty was incorporated in Delaware, that state's law governs the plaintiffs' claim for breach of fiduciary duty. See Walton v. Morgan Stanley & Co., 623 F.2d 796, 798 n.3 (2d Cir. 1980); High View Fund, L.P. v. Hall, 27 F. Supp. 2d 420, 428 n.6 (S.D.N.Y. 1998). The defendant has not disputed the plaintiffs' choice of law. The elements of a claim for breach of fiduciary duty under Delaware law are the existence of a fiduciary duty and breach of that duty by a fiduciary. See York Linings v. Roach, 1999

WL 608850, at *2 (Del. Ch. 1999); Freibott v. Patterson Schwarz & Assoc., 2001 WL 1555330, at *3 (Del. Com. Pl. 2001).

On this motion for summary judgment, the plaintiffs argue that Halle was the mastermind behind Film Realty and owed Zalk and Davimos a fiduciary duty after he enticed them to invest $100,000 each and personally received that money. They allege that the defendant breached that fiduciary duty when he purchased the Parctech shares for CNB Capital, never transferring them to Film Realty.

The defendant Halle claims that plaintiff Davimos approached Halle with the idea of the Film Realty Project in the spring of 2000 (Def.'s Stmt. ¶ 1; Def.'s Aff. at 1), and the plaintiffs do not point to any evidence to the contrary in their reply. The defendant maintains that the allegations that he solicited investments from Davimos and Zalk are false, and that he personally had no fiduciary duty towards the plaintiffs. (Def.'s Aff. at 2, 4.)

The investment from each plaintiff was wired into CNB Capital's Bank account (Def.'s Aff at 2; Pls.'s Stmt. ¶ 3), and John Halle was the sole owner of CNB Capital. (Pls.'s Stmt. ¶ 4; Def.'s Dep. at 52-35.) But it appears undisputed that the funds were sent to Fitzpatrick for the purchase of shares in Parctech. While the plaintiffs allege that the

shares were retained by CNB Capital, there is a disputed issue of material fact as to where the Parctech shares are and who or what entity controls them.

Thus, because there are genuine issues of material fact as to whether the defendant Halle owed a fiduciary duty to the plaintiffs and whether he breached any such duty, summary judgment is denied on the plaintiffs' breach of fiduciary duty claim (Claim III).

**V.**

In their conversion claim, the plaintiffs allege that the defendants unlawfully, fraudulently and without authority converted the $100,000 investment made by each of the two plaintiffs to the defendants' own use. (Comp. ¶¶ 55-56.) They move for summary judgment against the defendant Halle.

Under New York law, "denial or violation of the plaintiff's dominion, rights, or possession, is the basis of an action for conversion." In re Chateaugay Corp. v. LTV Steel Co., 10 F.3d 944, 957 (2nd Cir. 1993) (quoting Sporn v. MCA Records, Inc., 448 N.E.2d 1324, 1326 (N.Y. 1983)). Conversion may involve money where it is a specifically identifiable sum and there is an obligation to treat that sum in a particular manner. See LoPresti v. Terwilliger, 126 F.3d 34, 41 (2d Cir. 1997); see also Phansalkar v. Andersen

13

Weinroth & Co., 175 F. Supp. 2d 635, 639 (S.D.N.Y. 2001); High View Fund, L.P., 27 F. Supp. 2d at 429. There is no requirement of wrongful intent where there is an otherwise valid conversion claim. LoPresti, 126 F.3d at 42. If a person's original possession is lawful, that person is generally not liable for conversion until the true owner demands a return of the property. Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 49 (2d Cir. 1996).

On this motion for summary judgment, the plaintiffs claim that a conversion took place when Halle used their investments to purchase shares of Parctech, because the shares were allegedly purchased by CNB Capital and not by Film Realty. The plaintiffs allege that this conversion was for Halle's own benefit, assumedly because Halle was the 100% owner of CNB Capital. (Def.'s Dep. at 26.)

The plaintiffs' investments were made in July of 2000 and the wire transfer for the purchase of the Parctech stock was made immediately thereafter. (Register, attached as Ex. 4 to Pls.' Stmt.; Purchase Agreement, attached as Ex. 6 to Pls.' Stmt.; Letter, attached as Ex. 4 to Pls.' Stmt.; Def.'s Dep. at 62, 79.) The plaintiffs willingly furnished their investments to the bank account of CNB Capital, suggesting that the initial possession of their funds by CNB Capital was

a lawful one.  Not only do the plaintiffs fail to assert that Halle personally was ever in possession of the funds, they do not include in their Rule 56.1 statement any specific allegations about when and if they realized their investments had been converted, when and if they demanded Halle return them, or when and if he refused such return.

For the above reasons, summary judgment on their conversion claim (Claim IV) is denied.

**VI.**

The plaintiffs claim they are entitled to the rescission of their investment agreements with the defendants because they were fraudulently induced to enter into them, and because the defendants failed to perform the agreements or to refund the plaintiffs' money.  (Comp. ¶¶ 62-64.)  They move for summary judgment against the defendant Halle.  Under New York law, "[t]he elements of a claim for rescission based on fraud are misrepresentation, concealment or nondisclosure of a material fact; an intent to deceive; and an injury resulting from justifiable reliance by the aggrieved party." Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991); see also Haggerty v. United Mining Corp., 1992 WL 230128, at *7 (S.D.N.Y. 1992), aff'd sub nom. Haggerty v. Comstock Gold Co., 7 F.3d 220 (tbl.) (2d Cir. 1993); Perez v.

15

Hempstead Motor Sales, Ltd., 662 N.Y.S.2d 184, 188 (N.Y. Dist. Ct. 1997), aff'd, 674 N.Y.S.2d 564 (N.Y. App. Term 1998). The party seeking rescission must generally do so without unreasonable delay. See Ballow Brasted O'Brien & Rusin P.C. v. Logan, 435 F.3d 235, 240 (2d Cir. 2006); Allen, 945 F.2d at 47.

The plaintiffs have not met their burden of showing a lack of a material issue of fact related to the fraud upon which their rescission claim is based. They have also failed to demonstrate that there are no material facts in issue regarding the promptness of the plaintiffs' rescission claim, or whether their delay in making the claim was reasonable. Accordingly, the plaintiffs' motion for summary judgment on their rescission claim (Claim VI) is denied.

## CONCLUSION

For the reasons explained above, the plaintiffs' motion for partial summary judgment is **denied**.

**SO ORDERED.**

**Dated:** New York, New York
March 31, 2006

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　United States District Judge